**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| IN RE ) | |
| ) | **Chapter 11** |
| JAN M. BERKOWITZ ) | **Case No. 15-50673** |
| ) | |
| Debtor ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

McGuireWoods LLP ("McGuireWoods") in support of its Motion for Relief from the Automatic Stay, states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. § 1409.

3. The statutory basis for the relief requested are 11 U.S.C. §§ 362(d), 506 and 553 and Federal Rules of Bankruptcy Procedure 4001(a) and 9014.

**Background**

4. Prior to the Petition Date, McGuireWoods represented the Debtor in a lawsuit entitled Transasia Commodities Investment Limited v. Newlead JMEG, LLC, Newlead Holdings Limited, Michael Zolotas and Jan Berkowitz that was pending in The Supreme Court of the State of New York, County of New York, Index No. 654414/2013 (Ramos, J.) (the "Civil Action").

5. Attached hereto as Exhibits A and B respectively are copies of the March 23, 2015 and June 18, 2015 engagement letters between McGuireWoods and the Debtor.

6. In connection with the engagement letters, McGuireWoods received retainer payments totaling $60,000.00.

7. McGuireWoods continues to hold the retainer payments.

8. In connection with the Civil Action, McGuireWoods, prior to the Petition Date, rendered legal services and incurred expenses in connection with its representation of the Debtor for the period ending September 30, 2015 totaling $352,303.00 in fees and $9,354.29 in expenses.

9. On October 12, 2015 (the "Petition Date"), the Debtor filed a chapter 11 bankruptcy petition in this Court, Case No. 15-50673.

**Relief Requested**

10. The common law right of setoff "allows parties who owe mutual debts to each other to assert the amounts owed, subtract one from the other, and pay only the balance. *See J.B.I. Indus., Inc. v. Suchde*, 99 Civ. 12435 (AGS), 2000 U.S. Dist. LEXIS 11885, at *29-30 (S.D.N.Y. Aug. 17, 2000). Setoff is recognized as long as the debts owed between the parties are owed between the same persons and in the same right.

11. In the instant matter, the Debtor is indebted to McGuireWoods for unpaid legal fees and expenses. At the same time, McGuireWoods holds $60,000.00 in retainer funds to be applied to those fees and expenses.

12. Since the same creditor entity and the same debtor entity are indebted to each other, McGuireWoods, outside of the Debtor's bankruptcy case, would have the right under applicable non-bankruptcy law to apply the retainer against amounts owed to McGuireWoods by the Debtor.

13. Bankruptcy Code § 553 preserves any setoff rights a creditor may have under other applicable law. *See Official Committee of Unsecured Creditors v. Manufacturers and Traders Trust Co. (In re Bennett Funding Group, Inc.)*, 146 F.3d 136, 138-39 (2nd Cir. 1998).

1

Thus, to the extent Creditor has the right under law to setoff amounts due the Debtor, § 553 recognizes such rights. In addition, under 11 U.S.C. § 506(a), an allowed claim is considered a secured claim to the extent the creditor has the right to setoff against such claim amounts owed to the debtor.

14. Although § 553 is clear that a creditor's setoff rights are recognized and enforceable under the Bankruptcy Code, any action by a creditor to setoff a debt owing to the debtor that arose prior to the debtor's filing of its bankruptcy petition against a debt owed by the debtor is subject to the automatic stay. 11 U.S.C. § 362(a)(7). Pursuant to 11 U.S.C. § 362(d)(1), however, a bankruptcy court may grant a party relief from the automatic stay for "cause." Since "cause" is not defined in the Bankruptcy Code, whether relief should be granted is to be determined based on the facts of each case. *See In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

15. In the instant case, there will be no prejudice to the Debtor if McGuireWoods is granted relief from the automatic stay to apply the retainer. *See Stephenson v. Salisbury (In re Corland Corp.)*, 967 F.2d 1069, 1076 (5th Cir. 1992) (holding that although § 362(a)(7) stays any action to effectuate setoff, §362(a)(7) is only intended to further the Bankruptcy Code's policy of an orderly liquidation and is not intended to defeat setoff rights). Accordingly, "cause" exists under § 362(d)(1) to grant McGuireWoods relief from the automatic stay.

WHEREFORE, McGuireWoods respectfully requests the Court to enter an order granting McGuireWoods relief from the automatic stay so that McGuireWoods may pursue its rights under applicable non-bankruptcy law as regards to the retainer and granting any other additional relief the Court finds justified under the circumstances.

This the 29th day of October, 2015.

*/s/ Robert H. Pryor*
Robert H. Pryor
State Bar No. 10483
MCGUIREWOODS LLP
201 North Tryon Street
Post Office Box 31247
Charlotte, NC  28231
Telephone: (704) 343-2071
Facsimile: (704) 343-2300
E-mail:  bpryor@mcguirewoods.com

3

71874590_1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 29, 2015 a copy of the foregoing **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** has been served electronically or by mailing a copy thereof, first class U.S. Mail or International, postage prepaid to the following:

Richard S. Wright
Moon Wright & Houston, PLLC
227 W. Trade Street, Suite 1800
Charlotte, NC 28202

Jan M Berkowitz
122 Alton Court
Mooresville, NC 28117

U.S. Bankruptcy Administrator Office
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669

Blue Cross Blue Shield
5901 Chapel Hill Road
Durham, NC 27707

Capital One Bank (USA) N.A.
PO Box 71083
Charlotte, NC 28272

Chase Bank USA, N.A.
c/o Associated Recovery Systems
P.O. Box 469047
Escondido, CA 92046-9047

Dare County Tax Collector
PO Box 1000
Manteo, NC 27954

Discover Card
PO Box 71084
Charlotte, NC 28272-1084

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7346

Iredell County Tax Collector
PO Box 1027
Statesville, NC 28687

L Abbate, Balkan, Colavita & Contini
1001 Franklin Avenue, Third Floor
Garden City, NY 11530

Lowes
PO Box 530914
Atlanta, GA 30353

McGuireWoods
201 N. Tryon Street, Suite 300
Charlotte, NC 28202-2146

Michael Zolotas
c/o George M. Chalos
Chalos & Co., P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771

Michael Zolotas
83 Aki Miaouli & Flessa Street
185 38 Piraeus
Greece

4

71874590_1

| | |
|---|---|
| Nationstar Mortgage<br>8950 Cypress Waters Blvd.<br>Coppell, TX 75019 | Transasia Commodities Investment Limited<br>c/o Jill L. Mandell<br>Cozen O'Connor<br>45 Broadway<br>New York, NY 10006 |
| NC Department of Revenue<br>Bankruptcy Section<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 | Transasia Commodities Investment Limited<br>120 Bunns Lane<br>London NW7 2AS |
| Newlead Holdings Limited<br>c/o NewLead Shipping S.A.<br>83 Aki Miaouli & Flessa Street<br>185 38 Piraeus<br>Greece | U.S. Securities Exchange<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 |
| Newlead JMEG, LLC<br>4000 S. Faber Drive Place, Suite 300<br>North Charleston, SC 29405 | Robertson, Anshutz & Schneid, P.L.<br>Bankruptcy Department<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487 |
| North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 | Transasia Commodities Investment Limited<br>c/o Melissa Brill<br>Cozen O'Connor<br>45 Broadway, 16th Floor<br>New York, NY 10006 |
| Ocwen Loan Servicing LLC<br>PO Box 24736<br>West Palm Beach, FL 33416 | Transasia Commodities Investment Limited<br>c/o Tracy L. Eggleston<br>Cozen O'Connor<br>45 Broadway 16th Floor<br>New York, NY 10006 |
| Reed Smith LLP<br>10 S Wacker Drive<br>Chicago, IL 60606 | |

 _/s/ Robert H. Pryor_
   Robert H. Pryor

1