IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **JAN M. BERKOWITZ** | ) | Case No. 15-50673 |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO CLAIM OF TRANSASIA COMMODITIES INVESTMENT LIMITED

Now comes Jan M. Berkowitz, debtor and debtor in possession in the above-captioned bankruptcy proceeding (the "Debtor"), and objects to the claim(s) of TransAsia Commodities Investment Limited ("TransAsia"), pursuant to sections 502, 1106, and 1107 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Bankruptcy Rules 3003 and 3007, and Local Rule 9013-1(e)(10).  In support of its objection, the Debtor states as follows:

1.  The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court on October 12, 2015 (the "Petition Date").

2.  The Debtor scheduled TransAsia as the holder of a contingent, unliquidated, and disputed general unsecured claim of an unknown amount. *See Schedule F* [Doc. 25].

3.  TransAsia has not filed a formal proof of claim, but has asserted in correspondence that it is the holder of a claim against the bankruptcy estate.

4.  Upon information and belief, TransAsia's alleged claim arises from a lawsuit, index number 654414/2013, (the "Lawsuit") filed in the Supreme Court of New York by TransAsia Commodities Limited ("TCL") on December 20, 2013 against NewLead JMEG, Ltd. ("JMEG"), NewLead Holdings Limited, Michael Zolotas, and the Debtor.[1]

---

[1] TCL originally filed its claims in the United States District Court for the Southern District of New York (Case No. 13-CIV-7895) on November 6, 2013.  TCL voluntarily dismissed its federal complaint on November 18, 2013, and filed the Lawsuit in state court approximately one month later.

MWH: 10318.001; 00014818.2                1

5. In the Lawsuit, TCL asserted a cause of action for breach of contract against JMEG related to an agreement for the purchase of coal. TCL also asserted tort claims for fraud against all the defendants, civil conspiracy against defendant Zolotas and the Debtor, and imposition of the alter ego remedy.

6. TCL is a British company. On or about October 14, 2014, while the Lawsuit was pending, administrators (the "Administrators") were appointed for TCL pursuant to the insolvency laws of the United Kingdom. The Administrators subsequently entered into an agreement to sell and assign TCL's claims in the Lawsuit (and other assets) to TransAsia.

7. On or about November 7, 2014, TCL's Administrators sold and assigned all of TCL's rights, title, and interest in the Lawsuit to TransAsia. According to the Deed of Assignment between the Administrators and TransAsia:

> The Vendor acting by the Administrators assigns absolutely unto the Purchaser pursuant to the Administrators' statutory power of sale under paragraph 2 of Schedule 1 to the Insolvency Act 1986 and all other relevant statutory powers such right title and interest in the Proceedings and Assets as the Vendor has at the date hereof an all interest due thereunder and to become due thereon and costs which may be or become payable to the Purchaser in respect of the recovery thereof and (so far as Vendor may transfer the same) the full benefit and advantage thereof including the right to continue the Proceedings in the name of the Purchaser including (so far as the Vendor may grant the same) the right to settle or compromise the Proceedings TO HOLD the same unto the Purchaser to the intent that the Proceedings be continued at the sale cost and expense of the Purchaser.

*Deed of Assignment, dated November 7, 2014*. The "Vendor" in the Deed of Assignment is TCL, the "Purchaser" is TransAsia, and the "Proceedings" refers to the Lawsuit. The "Assets" include certain agreements between TCL and JMEG or TransAsia Petroleum Limited.

8. The New York court allowed TransAsia's substitution as the plaintiff in the Lawsuit, as the assignee of TCL, on or about February 11, 2015.

9. However, the assignment of personal tort claims, such as those asserted by TCL against the Debtor, offends North Carolina public policy and all such assignments are void because they promote champerty. *Old Republic Nat'l Title Ins. Co. v. Welch (In re Welch)*, 494 B.R. 654, 660 (Bankr. E.D.N.C. 2013) (specifically noting that claims for fraud and conspiracy to commit fraud are non-assignable personal torts).

10. Moreover, since such assignments offend public policy, North Carolina will not apply the law of foreign states allowing the enforcement of such claims. *TUG Liquidation, LLC v. Atwood (In re Buildnet, Inc.)*, 2004 Bankr. LEXIS 2383, *29 (Bankr. M.D.N.C. June 16, 2004) (citing *Boudreau v. Baughman*, 322 N.C. 331 (1988)).

11. Any claim that TransAsia may assert against the Debtor arises from its assignment by TCL. As such, TransAsia has no enforceable claim against the Debtor's bankruptcy estate.

12. The Debtor reserves his right to raise any other applicable objections to the claim or claims asserted by TransAsia.

WHEREFORE, the Debtor respectfully requests that the Court disallow any claim asserted by TransAsia, and that the Court grant such other relief as is just and proper.

Dated: Charlotte, North Carolina
November 30, 2015

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
227 W. Trade Street, Suite 1800
Charlotte, North Carolina 28202
(704) 944-6560
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on this date copies of the foregoing *Objection to Claim of TransAsia Commodities Investment Limited* and *Notice of Opportunity for Hearing* were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case and on the persons listed below by the United States Postal Service:

TransAsia Commodities Investment Limited
120 Bunns Lane
London NW7 2AS

Eric D. Freed
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

Melissa Brill
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY 10006

Tracy L. Eggleston
Cozen O'Connor
301 S. College Street, Suite 2100
Charlotte, NC 28202

Dated: Charlotte, North Carolina
November 30, 2015

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
227 W. Trade Street, Suite 1800
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
*Counsel for the Debtor*
